Ceben, J.
delivered the opinion of the court.
The complainant is the administrator of James Cathey, with the will annexed, and the executor of H. B. Cathey’s will. This bill is brought to obtain a construction of these wills, and to get directions from the Chancery Court as to the disposition of the property. In James Cathey’s will, is the following clause: “ I give and bequeath to my beloved wife, Honor B. Cathey, all my property, both real and personal, for her to divide among my children, as she may think best, but if she should marry after my death, then, in that case, it is my will and desire that my estate be equally divided between her and my children, share and share alike,” &c.
*471 The .testator had five children at his death. Two of his daughters married, and died before their mother, one of them, (Mrs. Hart) leaving one child, and the other died without issue.
Mrs. Cathey did not marry, nor did she make any disposition of the property during her life. Her will is in the following words: I, Honor B. Cathey, being of sound mind and perfect memory, do make and publish this my last will and testament, in manner and form following: First, it is my will that all my property, both real and personal, remain together on my farm as heretofore. And further it is my wish, that brother Thos. D. Cathey, and my son, James D. Cathey, have the management of it entirely, until the heirs may wish a division or distribution of the property made among themselves. It is also my wish, that Dr. Thomas 0. Moore, have five hundred dollars, or a negro boy worth that amount, as brother Thomas D. Cathey, and my son, James D. Cathey, may think best.”
1. We think that by the will of James Cathey, his children took a vested interest in his estate, immediately upon his death.
He gives his property to his wife, for her to divide among his children, as she may think best. This is, in fact, a gift to his children, in such proportions, and so distributed, as their mother might think best, but still it must go to his children. No one else can take, and no one of them can be excluded.
The time for a distribution, is left to the discretion of Mrs. Cathey. She might have made it forthwith, if she had chosen, but she had the right to enjoy the property during her life, and give or “divide” it by her will.
Although the “ children ” of James Cathey, as a class, took a vested interest in the property, and, of course, each *472 of them took a vested interest, yet tbe quantum eacb one took, remained uncertain until Mrs. Cathey should make the division; for although she was required to divide among all the children, she was not required to make them all equal. 1 Roper on Legacies, 420.
2. These being the legal rights of the parties, the next question is, what becomes of the estate if the power of appointment is not exercised ? We think that the interest which had vested in the children, as a class, and which might by the exercise of the power of appointment, have been divided unequally among them, remained vested in them in equal proportions, in failure of any appointment. 2 Ves., 335 — note 3.
3. The next enquiry is, did Mrs. Cathey exercise the power of appointment in this case ? We think the authorities, referred to by the complainant’s counsel, support the position, that a power may sometimes be executed by will, although the power itself, nor the subject of it, be referred to, provided the will contain a disposition of property, and there is nothing for it to operate upon except in execution of the power. 4 Kent’s Com., 884; 3 Jh. Ch. Rep., 555; 1 Jar. on Wills, 567.
But the question recurs/ does Mrs. Cathey’s will purport to dispose of any property? Her will in substance is, that she desires her property to remain together on the farm, until the heirs wish a division among themselves. She does not purport to give it away, or to divide it. She directs that it shall be safely kept together, until the heirs shall choose to divide it — thereby leaving it for the operation of her husband’s will, under the law, without the exercise of the power she had to divide it. She seems to indicate, very indefinitely though, that the heirs, whosoever they might be, were entitled to the prop *473 erty, and would divide it, when they might think proper. With their supposed right, she does not choose to interfere.
We think, therefore, that no appointment has been made, and that the estate will go under the will of James Cathey, according to the statutes of distribution of intestate’s estates. Affirm the decree.